**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
ALFRED TRIPPETT, on behalf of himself and all :    Case no.   1:25-cv-5756
others similarly situated, :
  :
               Plaintiffs, :
  :    CLASS ACTION COMPLAINT
               v. :    AND
  :    <u>DEMAND FOR JURY TRIAL</u>
CURRENT HOME LLC, :
  :
               Defendant. :
  :
  :
------------------------------------- x

## **INTRODUCTION**

1. Plaintiff Alfred Trippett ("Plaintiff" or "Trippett") brings this action individually and on behalf of others similarly situated against Current Home LLC ("Defendant"), based on its failure to make its website, https://www.currenthomeny.com ("the Website"), accessible to blind and visually-impaired individuals.

2. Plaintiff is legally blind and relies on screen-reading software to access digital content. Like millions of Americans with visual impairments, he uses assistive technology such as NVDA to navigate the internet. Plaintiff uses the terms "blind" or "visually-impaired" to refer to individuals who, with correction, have visual acuity of 20/200 or less. Many retain partial vision; others are completely blind.

3. According to a 2010 U.S. Census Bureau report, approximately 8.1 million Americans have a visual disability, including around 400,000 in New York State, as reported by the American Foundation for the Blind in 2015.

1

4. This lawsuit challenges Defendant's decision to operate its Website in a manner that excludes blind and visually-impaired users from equal participation in the digital marketplace. The Website promotes and sells luxury home décor products, providing visitors with access to information about Defendant's collections and the ability to shop online. However, Defendant has failed to make its Website accessible to screen-reader users, creating significant barriers for Plaintiff and others similarly situated.

5. Despite the availability of accessible design standards, including the Web Content Accessibility Guidelines (WCAG) and Section 508 of the Rehabilitation Act, Defendant has chosen to operate an interface that depends entirely on visual navigation, with no regard for blind consumers. As a result, while sighted users can freely browse and purchase products from Defendant's online store, blind users are denied independent access and must rely on others to assist them, if they can use the Website at all.

6. This exclusion is not only discriminatory—it is unlawful. The Americans with Disabilities Act ("ADA") and similar state and local laws prohibit public accommodations from denying individuals with disabilities full and equal enjoyment of their goods and services, including through websites and digital platforms. Defendant's failure to make its Website accessible violates these mandates.

7. Plaintiff attempted to shop for luxury home goods on the Website and was specifically looking to purchase bar accessories, including but not limited to coasters and a new shaker, by browsing relevant product categories and reviewing pricing and descriptions.

8. On both June 5 and June 18, 2025, Plaintiff encountered barriers that rendered the Website virtually unusable. Dropdown menus failed to appear visually and did not behave as dropdowns at all. Navigation links were misleading or inaccessible. Promotional items were not labeled as such, and

price information was read out of order—if it was read at all. Visual sliders lacked descriptive text, and footer information, such as contact addresses, skipped during screen reader playback.

9. These issues made the site disorienting, frustrating, and ultimately unusable for Plaintiff. Because the Website is not designed to work with screen-reading technology, Plaintiff was unable to independently make a purchase.

10. Plaintiff seeks injunctive relief to compel Defendant to bring the Website into compliance with accessibility standards and statutory requirements, and also seeks damages under applicable civil rights laws for the discrimination he experienced as a blind consumer.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as the claims arise under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. The Court also has supplemental jurisdiction over Plaintiff's state and city law claims under 28 U.S.C. § 1367.

13. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and (c), because Defendant conducts substantial business within this District and because Plaintiff accessed and attempted to use Defendant's Website from within this District. Defendant purposefully targets New York residents, offering products for sale through an online platform that delivers throughout the state.

14. Defendant is registered to do business in New York and maintains ongoing commercial activity within the state. Its Website is intended to serve New York consumers and enables transactions with residents of this District. Plaintiff's injuries occurred here, as he attempted to access and navigate the Website from the Bronx.

15. Courts have consistently held that where a plaintiff attempts to access a website from within a judicial district and experiences the exclusion or denial of access there, venue is proper. See *Access Now, Inc. v. Otter Prods., LLC*, 280 F. Supp. 3d 287, 294 (D. Mass. 2017) ("[T]he attempts to access the website in Massachusetts are part of the sequence of events underlying the claim. Therefore, venue is proper…").

**PARTIES**

16. Plaintiff is and has been, at all relevant times, a resident of New York County, New York.

17. Plaintiff is legally blind and qualifies as an individual with a disability under the ADA, the New York State Human Rights Law, and the New York City Human Rights Law. He relies on screen-reading software to navigate the internet and cannot access digital content without assistive technology.

18. Defendant Current Home, LLC is a New York limited liability company with a principal place of business located at 120 E 56th Street, 2nd Floor, New York, NY 10022. Defendant operates a luxury home décor business and owns and controls the commercial website https://www.currenthomeny.com, which it uses to market and sell its products to consumers across the United States, including those in New York.

19. The Website is a place of public accommodation under Title III of the ADA and corresponding state and city laws. It functions as an online retail store, allowing customers to browse and purchase items such as tabletop goods, furniture, decorative accessories, and barware.

20. The inaccessibility of the Website has prevented Plaintiff from purchasing items independently, despite his intent to do so.

4

## NATURE OF THE CASE

21. The internet is an essential tool for commerce, communication, and daily life. For blind individuals, access to websites requires the use of screen readers—software that translates on-screen content into synthesized speech. To function properly, websites must follow established accessibility standards so that visual elements can be converted to readable text.

22. These standards include the Web Content Accessibility Guidelines (WCAG) 2.2, developed by the World Wide Web Consortium (W3C), as well as federal accessibility rules under Section 508 of the Rehabilitation Act. Compliance with these standards ensures that websites can be used by individuals who cannot rely on vision.

23. When websites are not designed to meet these criteria, they are inaccessible to screen-reader users. This exclusion is a barrier to equal access and a form of discrimination prohibited under the ADA and similar civil rights statutes.

24. Despite the availability of widely accepted, cost-effective tools to make web content accessible—such as descriptive alt text, keyboard navigation, and semantic labeling—Defendant has failed to implement them. As a result, Plaintiff and other blind consumers are denied the same access that sighted users enjoy.

## FACTUAL ALLEGATIONS

25. Defendant owns and operates the Website, which serves as a digital storefront for its luxury home décor products, including barware, tabletop items, lighting, and accessories. Through the Website, consumers can browse collections, view prices, and complete purchases online.

26. The Website is heavily visual and lacks the basic accessibility features needed for blind individuals to navigate it independently using screen-reading technology. As a result, Plaintiff and other blind users are effectively shut out from the online services Defendant provides to the general public.

27. On or about June 5 and June 18, 2025, Plaintiff visited the Website using NVDA screen-reading software. He specifically intended to purchase bar accessories, including but not limited to a new shaker and a set of coasters. Despite repeated efforts, Plaintiff was unable to browse product listings or complete a transaction due to numerous accessibility failures.

28. Among the barriers Plaintiff encountered:

29. The Website's main navigation links were misleading or nonfunctional. For example, the "Dining & Entertaining" category was not reachable at all.

30. The dropdown menus either failed to open or opened in a way that did not register properly with screen-reading software, causing the screen reader to read from the bottom of the page while the top was displayed—making the experience confusing and unusable.

31. Promotional items and sale indicators lacked accessible labeling. Screen readers would announce the crossed-out original price but skip the actual sale price or provide no context for the discount.

32. Product sliders offered no alt text or descriptive labels, leaving screen-reader users unaware of the content or purpose of those visual features.

33. Footer content, including the store's address and contact information, was not programmatically structured, causing screen readers to skip over critical information about which location was being presented.

34. All of the "dropdown" elements on the Website were implemented as links rather than interactive menu components, resulting in broken or incomplete navigation.

35. Because of these widespread failures, Plaintiff was unable to explore or purchase the products he was seeking. He ultimately abandoned his attempt to shop on the Website due to the persistent barriers.

36. Plaintiff intends to return to the Website in the near future, provided the accessibility issues are fixed. He remains interested in purchasing barware and other luxury home items from Defendant. Without court intervention, however, Defendant's inaccessibility will continue to exclude Plaintiff and others like him from independently accessing and using the Website.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and all others similarly situated, seeking class certification under Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

42. Plaintiff seeks to represent a nationwide class defined as: "All legally blind individuals in the United States who attempted to access https://www.currenthomeny.com and were denied equal access to the goods and services offered through the Website due to accessibility barriers."

43. Plaintiff also seeks to represent a subclass of New York residents defined as: "All legally blind individuals in New York State who attempted to access https://www.currenthomeny.com and were denied equal access to the goods and services offered through the Website due to accessibility barriers."

44. The members of the class and subclass are so numerous that joinder is impracticable. There are hundreds of thousands of blind individuals across the United States, including tens of thousands in New York alone, many of whom have been denied equal access to Defendant's Website.

45. Common questions of law and fact exist for all class members and predominate over any questions affecting only individual members. These questions include:

46. Whether the Website is a place of public accommodation under the ADA;

47. Whether the Website constitutes a provider of public accommodations under New York law;

48. Whether Defendant's failure to make the Website accessible violates Title III of the ADA, the New York State Human Rights Law, and the New York City Human Rights Law;

49. Whether Defendant knew or should have known its Website was inaccessible to blind individuals;

50. Whether Defendant's conduct constitutes intentional discrimination; and

51. Whether Plaintiff and the class are entitled to injunctive relief, damages, or both.

52. Plaintiff's claims are typical of the claims of the class. Like other members of the class, he is legally blind, uses screen-reading technology to navigate the internet, and was denied full and equal access to Defendant's Website.

53. Plaintiff will fairly and adequately represent the interests of the class. He has retained counsel with experience in complex civil rights litigation, including digital accessibility cases. Plaintiff has no interests that conflict with those of the class or subclass.

54. Class certification is appropriate under Rule 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the class, making declaratory and injunctive relief appropriate for all members.

55. Alternatively, class certification is appropriate under Rule 23(b)(3) because common issues of law and fact predominate and because a class action is superior to other methods for resolving this matter. Individual lawsuits would risk inconsistent results, increase the burden on the courts, and be inefficient for members of the proposed class.

56. Maintaining this lawsuit as a class action will promote judicial efficiency and provide a fair and effective means of addressing Defendant's systemic discrimination against blind users.

57. Unless otherwise indicated, all references to Plaintiff herein shall be deemed to include both the named Plaintiff and each member of the proposed class.

## FIRST CAUSE OF ACTION

*(Violation of 42 U.S.C. §§ 12181 et seq. – Title III of the Americans with Disabilities Act)*

48. Plaintiff, on behalf of himself and all others similarly situated, repeats and incorporates all prior allegations as if fully stated herein.

49. Title III of the Americans with Disabilities Act prohibits discrimination against individuals with disabilities in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a). It also bars entities from using standards or practices that have the effect of excluding individuals with disabilities. 42 U.S.C. § 12182(b)(2)(D)(i).

9

50. Defendant operates the Website as a retail platform that enables consumers to browse and purchase home décor products online. The Website qualifies as a "place of public accommodation" under the ADA, as it is a sales establishment and offers goods and services to the public. 42 U.S.C. § 12181(7).

51. Defendant is subject to the ADA because it owns, operates, and controls the Website. Under the ADA, it is unlawful for entities to deny disabled individuals access to goods and services or to fail to take reasonable steps to ensure equal access. 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

52. Despite the widespread availability of established, low-cost solutions, Defendant has not made its Website accessible to blind users. Its failure to implement alt-text, proper labeling, keyboard navigation, accessible forms, and other basic accessibility features excludes blind individuals from independently using the site.

53. These failures are not isolated technical glitches. They are systemic design flaws and omissions that deny Plaintiff and other blind users equal participation in online commerce. Defendant has knowingly maintained an inaccessible platform despite having the ability and obligation to correct it.

54. As a result, Plaintiff and the proposed class have been denied full and equal access to the Website's goods and services. They have been forced to either abandon attempts to shop or rely on others to assist them—compromising their privacy, independence, and dignity.

55. Defendant's inaccessibility is ongoing. Without a court order, Defendant will continue to violate the ADA by operating a Website that is not usable by blind individuals.

56. Plaintiff seeks injunctive relief requiring Defendant to bring the Website into compliance with Title III of the ADA. Plaintiff also seeks attorneys' fees and costs as provided by statute.

## SECOND CAUSE OF ACTION

*(Violation of New York State Human Rights Law, N.Y. Exec. Law
Article 15 (Executive Law § 292 et seq.))*

57. Plaintiff, on behalf of himself and all others similarly situated, repeats and realleges all prior allegations as if fully set forth herein.

58. Under New York Executive Law § 296(2)(a), it is an unlawful discriminatory practice for the owner, lessee, manager, agent, or employee of any place of public accommodation to directly or indirectly withhold, deny, or limit the full and equal enjoyment of its goods, services, facilities, advantages, or privileges based on disability.

59. Defendant's Website functions as a public-facing retail platform and is a place of public accommodation within the meaning of the New York State Human Rights Law. Defendant, as the operator of that Website, is obligated to ensure it is accessible to individuals with disabilities, including those who are blind.

60. By failing to remove known access barriers from its Website, Defendant has denied Plaintiff and similarly situated individuals equal access to its goods and services. Defendant has failed to reasonably modify its digital policies and practices to accommodate blind users, despite being aware of the harm caused by its inaccessibility.

61. The Website's barriers—including missing labels, unstructured navigation, improperly coded dropdown menus, and the lack of alt-text—constitute clear violations of the Human Rights Law. These accessibility failures are systemic, not isolated incidents.

62. Defendant's refusal to implement industry-standard accessibility measures, despite their availability and widespread adoption, constitutes willful and intentional discrimination. Plaintiff and the class have suffered exclusion, frustration, and unequal treatment as a result.

63. Unless enjoined, Defendant will continue to operate its Website in a manner that excludes blind individuals in violation of the New York State Human Rights Law. Plaintiff seeks injunctive relief, compensatory damages, statutory penalties, and attorneys' fees and costs as permitted by law.

## THIRD CAUSE OF ACTION

*(Violation of New York State Civil Rights Law,
NY CLS Civ R, Article 4 (CLS Civ R § 40 et seq.))*

78. Plaintiff, on behalf of himself and all others similarly situated, repeats and incorporates all prior allegations as if fully set forth herein.

79. New York Civil Rights Law § 40 guarantees that all persons within the state are entitled to the full and equal accommodations, advantages, facilities, and privileges of any place of public accommodation. Section 40-c(2) further prohibits discrimination in civil rights based on disability.

80. Defendant's Website is a public accommodation within the meaning of Article 4 of the New York Civil Rights Law. As the operator of the Website, Defendant is prohibited from denying individuals with disabilities the same access and experience provided to non-disabled users.

81. Defendant has refused to make its Website accessible to blind individuals, including Plaintiff. This inaccessibility excludes blind users from the full benefit of Defendant's goods and services and constitutes unlawful discrimination in violation of §§ 40 and 40-c.

82. Plaintiff complied with the statutory requirement of providing notice to the Attorney General under Civil Rights Law § 41.

83. Defendant's ongoing failure to remove or remediate the barriers identified—such as missing text labels, improperly coded interface elements, and unreadable pricing information—reflects a disregard for the rights of blind users and an unwillingness to provide equal access as mandated by law.

84. Under § 40-d, Defendant is liable for statutory damages of no less than one hundred dollars and no more than five hundred dollars for each violation, to be recovered by the aggrieved party.

85. Plaintiff seeks injunctive relief, statutory damages, and attorneys' fees as provided by Article 4 of the New York Civil Rights Law.

### FOURTH CAUSE OF ACTION

*(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, et seq.)*

86. Plaintiff, on behalf of himself and all others similarly situated, repeats and realleges all prior allegations as if fully stated herein.

87. Under the New York City Human Rights Law, it is an unlawful discriminatory practice for the owner, operator, or provider of a place of public accommodation to directly or indirectly withhold

or deny access to any of its advantages, services, facilities, or privileges based on disability. N.Y.C. Admin. Code § 8-107(4)(a).

88. Defendant's Website qualifies as a public accommodation under the City Law. As the operator of that Website, Defendant is required to provide reasonable accommodations to individuals with disabilities. N.Y.C. Admin. Code § 8-107(15)(a).

89. Despite this obligation, Defendant has failed to ensure that its Website is accessible to blind users. Defendant has not taken the necessary steps to modify its web design and functionality to accommodate those who rely on screen-reading technology. The barriers Plaintiff encountered—including broken navigation, inaccessible product listings, and missing descriptive content—are the direct result of Defendant's failure to comply with the law.

90. These failures are not technical oversights. They represent a systemic disregard for the rights of blind individuals. Defendant's inaction constitutes intentional discrimination within the meaning of the New York City Human Rights Law.

91. Unless the Court intervenes, Defendant will continue operating its Website in a manner that excludes blind and visually-impaired individuals from equal access to its goods and services.

92. Plaintiff seeks injunctive relief requiring Defendant to bring the Website into compliance, as well as compensatory damages, civil penalties, and reasonable attorneys' fees and costs as provided under N.Y.C. Admin. Code §§ 8-120(8) and 8-126(a).

**FIFTH CAUSE OF ACTION**

*(Declaratory Relief)*

14

93. Plaintiff, on behalf of himself and all others similarly situated, repeats and incorporates all prior allegations as if fully set forth herein.

94. An actual controversy exists between the parties. Plaintiff asserts—and is informed and believes that Defendant denies—that the Website contains significant barriers that prevent blind individuals from fully and equally accessing the goods and services Defendant offers.

95. These barriers render the Website inaccessible to individuals with visual disabilities, in violation of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law.

96. A judicial declaration is necessary to determine the rights and obligations of the parties under these statutes. Plaintiff seeks a declaration that the Website, as currently operated and maintained, discriminates against blind individuals and fails to comply with applicable federal, state, and city laws governing equal access for individuals with disabilities.

97. Such a declaration will serve to clarify the legal responsibilities of Defendant and guide future conduct to prevent ongoing and future violations of law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

    a) A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b) A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, Website, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Website is readily accessible to and usable by blind individuals;

c) A declaration that Defendant owns, maintains and/or operates its website, Website, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

e) An order directing Defendants to continually update and maintain its website to ensure that it remains fully accessible to and usable by the visually-impaired;

f) Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed class for violations of their civil rights under New York State Human Rights Law and City Law;

g) Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

h) For pre- and post-judgment interest to the extent permitted by law; and

i) For such other and further relief which this court deems just and proper.

Dated: Manhasset, NY

July 13, 2025

                                            GABRIEL A. LEVY, P.C.
                                            *Attorney for Plaintiff*

                                            **/s/ *Gabriel A. Levy, Esq.***

                                            By: GABRIEL A. LEVY, ESQ (5488655)
                                                1129 Northern Blvd, Suite 404
                                                Manhasset, NY 11030
                                                Tel: +1 347-941-4715
                                                Email: Glevy@glpcfirm.com